UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANKLIN JOSUE CASTRO MUNGUIA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et. al.,

Respondents.

No.  2:25-cv-3760-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner was initially detained and released on parole by Department of Homeland Security on June 21, 2022. See ECF No. 1, pg. 3. Petitioner asserts he was denied due process when he was re-detained on June 12, 2025, without notice or a pre-deprivation bond hearing. See id. at 13-14. The District Judge ordered Respondents to show cause why the Cout should not grant the motion for temporary restraining order and specifically directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Labrador-Prato v. Noem, et al., 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) and Selis Tinoco v. Noem, et al., 1:25-cv-

1

01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025). See ECF No. 11.

Respondents filed a joint opposition to injunctive relief and opposition to the petition. See ECF No. 9. The Court granted Petitioner's motion for temporary restraining order. See ECF No. 11. On January 28, 2026, the Court converted the motion for temporary restraining order into a motion for preliminary injunction and issued a preliminary injunction on the same terms as the temporary restraining order. See ECF No. 13. In ordering the preliminary injunction, the Court found that Respondents did not distinguish Petitioner's situation from Labrador-Prato v. Noem, et al., 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) and Selis Tinoco v. Noem, et al., 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025). Thus, the Court found that Petitioner established a likelihood of success on the merits of his due process claim. See id. Specifically, the Court found that Petitioner had a liberty interest in continued release and that Petitioner was entitled to notice and an opportunity to be heard prior to re-detention. See id. The Court ordered:

> (1) Petitioner Franklin Josue Castro Munguia shall be released immediately from the Respondents' custody;
> (2) Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and
> (3) If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

ECF No. 11.

The matter was referred to the undersigned for further proceedings.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 11, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020 (E.D. Cal. Jan. 15, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

/ / /

/ / /

2

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3