UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANKLIN JOSUE CASTRO MUNGUIA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et. al.,

Respondents.

No.  2:25-cv-03760-DC-DMC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF No. 16)

Petitioner, an immigration detainee proceeding with retained counsel, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On February 10, 2026, the Magistrate Judge filed findings and recommendations which were served on the parties and contained notice that the parties may file objections within the time specified therein.  ECF No. 16.  Timely objections to the findings and recommendations have been filed.  ECF No. 17.

In their objections, Respondents merely state that they object "[f]or the same reasons set forth in Respondents' previous briefing."  ECF No. 9.  However, those arguments were addressed and rejected by this court in this case and in other cases.  ECF Nos. 11, 13.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8

1

U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed February 10, 2026, ECF No. 16, are ADOPTED;

2. Petitioner's petition for writ of habeas corpus, ECF No. 1, is GRANTED;

3. If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered;

4. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and

/////

/////

2

5.    The Clerk of the Court is directed to enter judgment in favor of Petitioner and close the case.

IT IS SO ORDERED.

Dated:    **March 13, 2026**

_____
Dena Coggins
United States District Judge

3